Arguments in Doe v. Woodard May it please the court I'm Teresa Sidebatham, counsel for Ivey and her mother. I'd like to reserve three minutes for rebuttal Defendant government workers violated this four-year-old girl by strip searching and photographing her Adult strangers came to her preschool, took her out of class, removed her clothes, and photographed her over her protest Can I clarify one thing, and I guess it's because I've had too much experience in prison work and criminal work Strip search, to me, involves invasion into body cavities. Did that occur? No, Your Honor, that did not occur They took the clothes off the child and took pictures of her, right? Yes, Your Honor That's what happened here That is what happened here Thank you So it could also be characterized as a full-body inspection Yes, Your Honor, it could be characterized that way What is it that troubles you about this case? Is it the fact that the photograph was taken or the fact that the child was asked to take off her underwear? Your Honor, both trouble me. The photographs trouble me because it's a permanent record of the child's humiliation and shame But the fact that a strip search was done of her body, that the private areas of her body, troubles me greatly Both because of the Fourth Amendment and because of significant trauma to children The amici do a good job describing the traumatic effects of these searches on children How would you propose that an inspection of a child be done by a governmental agency where there has been a legitimate claim of bodily injury or bodily trauma? Here, as I understand, there were cuts to the stomach area, two cuts, and there was some bruising of the arms, etc., to be very specific How would you propose an inspection be done? Your Honor, government workers have multiple options here consistent with the Fourth Amendment The allegations here were of very minor physical injuries These government workers have the option to interview the child, and she in fact denied injuries, to interview the parent, to test the credibility of the report Then a search may be done with consent, it may be done with some kind of court order And of course, there's always the exigent circumstances If the child is truly in some kind of danger, then there's a Fourth Amendment exception there But we argue in this case, intruding on I.B.'s private areas was a significant violation of the Fourth Amendment We also argue that intruding on her private areas without even telling her mother, and then repeatedly lying to her mother about it so that her mother couldn't provide comfort and support to cope with the trauma, also violated the Fourteenth Amendment and shocks the conscience On the Fourth Amendment, then, at least as applied to this case, are you arguing that a warrant was required? Your Honor, under the facts of this case, a warrant would be required, yes And what clearly established law can you cite for that proposition? Your Honor, there's a couple of ways to approach the clearly established law Let's say in this case, it's apparent on its face that it's unlawful activity And the way we get to that is if we take the absolute Fourth Amendment I'm just asking for a case Do you have any cases that establish, as a matter of clear precedent, that a warrant was required under these circumstances? Do you have a Supreme Court or a Tenth Circuit case? Your Honor, there is no case with this exact set of facts There are cases that establish a Fourth Amendment floor The Safford and TLO standard requires that the search be reasonable in its inception and reasonable in its scope And this case simply did not meet that standard In addition, we have Tenth Circuit cases that certainly it's clearly established the Fourth Amendment applies to social workers It applies to body searches We have clearly established law saying that a strip search is an intrusion into personal rights of the most serious magnitude and requires Could you put the mic a little bit farther from you? Oh, I beg your pardon, Your Honor Thank you That a strip search would require a higher level of reasonableness because the seriousness of the intrusion into the rights And so in this case, there would be a basic Fourth Amendment violation Now the county argues that Is there a special, what about the special needs exception? How do you come out on that? And certainly the county argues that the special needs exception applies But, Your Honor, I argue that it doesn't For the special needs exception to apply, you would have to not have individualized suspicion, which you had You would have to not have entanglement with law enforcement purposes, which you absolutely have under Colorado statutes And it would have to be impracticable to get a warrant, which is not true in Colorado because juvenile magistrates are on call But even if a special needs exception applied, this search is objectively unreasonable Now I've mentioned the Fourth Amendment floor The defendants are digging in the basement They have not shown that this search was in any way reasonable in scope They even try to argue that these were exigent circumstances or some sort of emergency aid doctrine And to be clear, if that's true about this case, there simply is no Fourth Amendment protection for children There are many close cases about whether searches can be done This isn't one of them And when we're looking at the special needs doctrine, you think about search of your child's locker That's one thing that fits in the special needs doctrine A search of your child's private areas should not fit under that doctrine And if it would be child sexual abuse if somebody else did it, then caseworkers should have to meet some kind of articulable standard What would you have us declare that standard to be? Your Honor, first I would have you declare that the special needs doctrine not applied Because for all the reasons I've mentioned, it doesn't fit here Secondly, we go back to the Fourth Amendment There could be search with consent There could be a call to the magistrate establishing some kind of probable cause or reasonable to do the search And have an independent party say, yes, in this case it's reasonable for you to look at the private areas of a child Or, of course, as I mentioned, it's important to keep in mind, under exigent circumstances, the search can always go forward Well, I think any reasonable person would be sensitive to a child being abused or inappropriately handled during an investigative process As I understand it, there are no allegations of that here But that instead you're asking us to declare some kind of policy that puts limits on the inspection of a child I've read the amicus brief carefully We're told that children can be harmed, that minority children can be harmed even more so But I was not satisfied to find any kind of standard, any kind of application of law that we should declare To alleviate the circumstance that the amicus asserts or that you are arguing here I just don't understand what it is you want us to declare, to say, to do And, Your Honor, the great cause for concern here is these searches of private areas of children are happening not only with IV But consistently across Colorado What we would like you to state, and preferably you state that it's clearly established law That social workers must comply with the Fourth Amendment In other words, they can't do these deeply intrusive searches without meeting the Fourth Amendment standards of consent, some kind of court order, or exigent circumstances And we believe that it's clearly established and that a search like this is unlawful And the cases you cite for the clearly established concept are? And, Your Honor, as I've described, the Fourth Amendment floor would be in Safford or TLO Rosca describes how the Fourth Amendment applies to caseworkers intruding, in that case, on a family's home But it explains how the special needs doctrine doesn't apply and the exact same rationale would apply here But the Rosca doesn't really help you, does it? Because that is such a classic Fourth Amendment violation Because you're entering a home, just that alone And then the fact that a child is taken from the home is sort of beyond belief But how does that parallel to what happened here? Here the child is at school, there's concern about marks on her body, and those concerns are investigated And, Your Honor, I do think that it helps because Rosca is an intrusion into a home, which is a person's castle But this case is an intrusion into the private areas of a person's body, which is a worse intrusion So if we think about it, we would rather a caseworker look at our kitchen than at our naked body And so the same type of standard for a serious intrusion should apply here So that case would be what case? Stafford? Stafford and TLO? Is that what we look at? If Rosca doesn't help you, does Stafford and TLO? Stafford and TLO establish the absolute minimum Fourth Amendment floor Which actually wouldn't be the minimum here because that's school officials But my point is, this case is apparently unlawful even under the bottom Fourth Amendment floor So I think that does help. Doves is a case that's quite closely on point Because it involves intimate searches of preschoolers in Head Start with caseworkers involved Again, it's not the exact same set of facts, but there's some very good discussion in there of the special needs doctrine I would like to touch, too, that In Doves, was the outcome there to say get a warrant? The outcome there, Your Honor, was that they should have had consent It was the type of search that wouldn't have been likely to have been done with a warrant I see that I'm almost, I would like to reserve some time for rebuttal I think I would just take a brief moment, though, to say I don't think the reliance on the statute is objectively reasonable The statute does not permit these searches The statute permits photographs of areas of injury visible on the child So to interpret the statute the way they want to, they have to add language They have to say visible on the naked child or visible on the child after I've taken her clothes off And I'll reserve the remainder of my time. Thank you Thank you Good morning. May it please the Court. My name is Kenny Hodges. I represent the Apoese in this matter There are two groups of claims pending before the Court on appeal One group of claims hinges on 14th Amendment and the right to familial association constitutional right The other is the Fourth Amendment privacy right that the other group of claims hinges on Now, while we recognize that those rights exist, they're not absolute rights They exist in a continuum of reasonableness subject to a balancing test And in this case, what's balanced against those constitutional rights is the safety of the child involved Ms. Seibotham is correct that there aren't a lot of cases that are directly on point as far as a child abuse investigation and the special needs doctrine for a search However, before I get ahead of myself, what I would like to do is quickly tear through the 14th Amendment claim I believe that it's a much quicker discussion What a plaintiff has to plead, and if the Court will recall, the district court judge dismissed the 14th Amendment claim for failure to state a claim, failure to state the elements The elements of this 14th Amendment Would you mind addressing the Fourth Amendment first and then the 14th? Because it seems to me the more potentially meritorious I agree, Your Honor I think that I deviated a bit from the order of the pleadings as well to try to knock that out quickly So as far as the Fourth Amendment claim, there are really two aspects that you'll see in my briefing And the first is the issue of the special needs doctrine and whether and to what extent that it applies to a child abuse investigation And the second is qualified immunity So addressing that first point, Ms. Seibotham cites a few different cases And two out of three, I believe, have to do with school cases involving drugs The first is New Jersey v. TLO That case involved a 14-year-old child suspected of smoking in the bathroom Her purse was searched by the assistant vice principal Marijuana was found, and the search by the official was justified at its inception With reasonable grounds for suspecting that violation of school rules would be found Not particularly helpful in this case  A four-year-old daughter I agree, Your Honor And then Safford actually involved a case that was overturned and went against the school But that one involved the school asserting the interest of painkillers possibly being provided to another student or other students by a 13-year-old And the 13-year-old's underwear was searched And part of the court's comment in that case had to do with the concern for widespread drug use in the school Not particularly helpful in this case Right, really isn't going to be quelled by searching a child's underwear Now, in this case, this is a four-year-old What our social worker did was respond on a complaint from the Head Start program It was actually allegedly a second complaint of this nature, that there may be ongoing abuse against this four-year-old She responded to the school, asked the child to bare her buttocks for photographs as well as her torso Those are, from what I've been told by social workers, those are the usual suspects as far as places that you may find visible injuries on a child who's being abused As far as the special needs doctrine is concerned, Ms. Seibotham is correct in that one aspect If they found nothing, why is it necessary to take a photograph to prove the negative? Your Honor, first, the search itself was connected to the anonymous complaint I realize the hindsight is 20-20 and these were unfounded complaints By the time the child had already shown herself to the social worker, there were two practical purposes for taking the photos The first one is as a matter of policy, it can exonerate a parent or cohabitant that may or may not be accused of abusing a child And secondly, it's for completion of the investigation that the social worker is conducting So that a file can be completed and so that a file can be kept by our Department of Human Services Did I adequately respond to that, Your Honor? And is this a matter of course, that's a matter of policy, that every child where there is a potential or where there's a claim of abuse That this is going to be as a matter of routine, a photograph will be taken of the child in a naked state? Your Honor, under circumstances such as this, wherein the child has already been exposed for the purpose of the investigation, that is correct Just to be clear though, it wouldn't necessarily be the case every single time that a social worker responds That the child is asked to remove their shirt or remove their pants So what is the criteria by which the workers determine whether to require the child to be exposed? Your Honor, what we rely on for that really is the guidance provided by Colorado Statute 19-3306 Which allows a social worker who has before them a child that they reasonably believe has been abused or neglected To cause colored photographs to be taken of the area with the child But again, as Judge Lucero has pointed out, you've already seen the child's body and there's no evidence of abuse So what you just read, I would interpret that to mean when you see evidence of abuse, that is, there was abuse, then take a picture of it If there was no abuse, why take a picture? I understand, Your Honor. I know that has been the traditional approach that our DHS case workers have taken And again, the reason would be for completion of the investigation to, potentially to exonerate abuse Just to prove they did the investigation, I suppose Correct, Your Honor Does the special needs really apply here? There's no exigency involved I mean, the social worker waits until the next day to come and investigate I mean, there's just a lot of factors that one would normally look at for a special needs case that are not met here Your Honor, I do understand the court's concern I don't believe that a traditional law enforcement exigency type of analysis really works for a social worker There was some reference in Ms. Sidebotham's argument to whether or not there was particularized suspicion Particularized suspicion, the way that we interpret it here, and the way that I think it was interpreted in TLO and Stafford Was not necessarily against a wrongdoer, but suspicion that this child may be abused I could have phrased that more artfully The perspective of a social worker is to prevent ongoing abuse It's prospective, as opposed to the law enforcement perspective, which is seeking to bring a wrongdoer to justice And so, some of the facets of previously considered special interest doctrine searches, I do think that we meet those There is a lack of particularized suspicion as far as what adult or what other person may have been potentially abusing this child There was a concern for the child's future safety and future welfare There are concerns when conducting one of these investigations, which are sensitive In alerting the abuser, or somebody who may be covering for the abuser in some way, shape, or form And allowing them to potentially abscond with the child If the search had produced evidence of child abuse, would law enforcement have been notified? They would have Isn't that a factor cutting against the special needs doctrine?  The concern now is that if we tie social workers' hands based upon a law enforcement type of analysis The concern is that we're really placing them in the law enforcement type of a position Where we're looking retrospectively as to did somebody commit a crime? Was there wrongdoing done here? As opposed to protecting children for the future Again, that's the real compelling interest Speaking about the tying of hands, was it impractical for the social worker to obtain parental consent or court approval? Based on the facts alleged, this was a 12 v. 6 dismissal, Your Honor I'm afraid to add anything that would possibly taint our record However, generally, in cases involving a child that's potentially going to be sent to the abusive environment There is a sort of exigence It just functions a little bit differently than a law enforcement emergency aid type of an exigence I'm not sure if that adequately answers your question Well, I noticed that there was reference I can't remember exactly where in the record or in the briefing That the agency now has a policy to obtain parental consent or a court order Which suggests that it wouldn't be impractical Because if it were impractical, they wouldn't do it And, Your Honor, you are correct The Department of Human Services has actually passed a policy that's in force currently That would require, where practicable, either a court order or parental consent If it's not going to further endanger the child That policy is not intended to undermine action in a situation involving a potential emergency Where a child may be sent into an abusive environment Is there anything in this record that would indicate that parental consent shouldn't be obtained? That is to say, was there an allegation or suggestion in the record That the parents themselves may be the source of the injury to the child? I believe that there was a suggestion in the operative complaint I'm sorry, I think that there was a suggestion in the operative complaint Involving stepfather because he had tattoos and was former military I believe that there was a suggestion of that within the complaint Based on the Head Start employee's report Okay If that makes sense That wouldn't preclude contacting the mother? Not necessarily, Your Honor Frankly, I'm not a social worker With the stepfather and the mother living together? Yes Counsel, I'm not sure I saw in the district court's order That it addressed whether the defendants satisfied the special needs exception When it denied the plaintiff's second amended complaint It said, well, it's futile, we don't see clearly established law But I didn't see analysis of whether there was satisfaction or not Of the special needs exception Is that something that ought to be sent back to the district court to address? Your Honor, I don't believe that needs to be sent back to the district court And the reason I don't believe that is that the fourth amendment claims The district court actually did not get to the point Of whether or not the special needs doctrine actually applied here The district court dismissed those claims on qualified immunity Because there wasn't clear law on point And my reading of the ruling on the appellant's motion to amend Was that the amendments would be futile In remedying the issue of qualified immunity for the fourth amendment claims Well, the district court didn't say a whole lot about that in the order That's why I'm wondering We really don't have that much to work with In terms of what the district court said Well, at first the complaint's dismissed without prejudice And plaintiffs come back with their second amended And then they say, well, we're not going to take We're not going to accept that We're not going to give leave to amend Because it would be futile But there's really no discussion There's no discussion in the order About the substantive discussion about clearly established law Nor does it really address the question of whether the second amended complaint Defeated the special needs exception So, I mean, it almost puts us in the position of where the district court was To flesh that out And that's why I'm wondering about whether it's appropriately here at this point Your Honor, I understand the court's difficulty As far as the amended fact pleading The fact allegations are pretty minimal in that amended pleading And based on the court's The district court's more extensive discussion In the order granting the motion to dismiss As to the fourth amendment claims I believe that that actually lays the foundation For denial of the motion to amend Based on the additional facts that were alleged And they are minimal Those additional facts include That I.B., the child involved here Had previously been the subject of a report by Head Start Jane Doe was cooperative The case was dismissed as unfounded And April Woodard knew of this when she spoke with I.B. I.B. told her that she gets red dots on her face when she cries But didn't have any other bruises or marks Those were the two additional allegations That are actual fact allegations And considering the district court's I'm out of time Can I finish this? Go ahead Considering the district court's more detailed finding As far as qualified immunity was concerned And those fourth amendment claims I believe that the denial of the motion to amend was appropriate We would request that the court uphold the district court's decision Thank you for your time Thank you And your honors, I believe you can hold as a matter of law That special needs doctrine does not apply in these cases Which takes us back to the fourth amendment standard That the county's stated reason for not asking consent Was an inverted fourteenth amendment presumption That the mother would not cooperate with protecting the best interest of her child Because of the existence of the stepfather And that's in clear violation of fourteenth amendment law Could I just ask on your special needs point Say that it doesn't apply And even if we think that there's a good argument in that direction Doesn't it still have to be a matter of clearly established law That it doesn't apply when we're at the qualified immunity issue? So I'd say two things, your honor I believe it is clearly established Because of the factors laid out in Doves Which special needs searches simply don't meet And secondly, because special needs is a fourth amendment exception And a defense I'm not sure that's actually the plaintiff's burden To show that the special needs defense is clearly established But even so, I believe that Doves lays that out pretty clearly And this court can hold as a matter of law that special needs doesn't apply Because of the particularized suspicion The connection with law enforcement and so forth And to be clear, these stripped searches In violating children's constitutional rights It violates any known principle of human decency It traumatizes children It erodes their boundaries When you say that they have to submit to ad hoc searches by adult strangers Who just show up in their lives The department wants to protect children But it ends up being an actor in harming children So, your honors, we request that you hold that there is no qualified immunity That I.B.'s and her mother's constitutional rights were violated That children should not be subject to searches Which are equivalent to the hashtag me too type offenses And that you reverse and remand for trial Thank you Case is submitted Court is in recess